UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GARY C. MARCINKOWSKI,

              Plaintiff,

              **DECISION AND ORDER**
v.                                 14-CV-809S

CITY OF BUFFALO, DANIEL KURDZIEL,
and JOSHUA CRAIG,

              Defendants.

In this action, Plaintiff Gary C. Marcinkowski asserts a number of claims arising from an encounter he had at Mercy Hospital of Buffalo with Defendants Daniel Kurdziel and Joshua Craig, two Buffalo police officers. Presently before this Court is Marcinkowski's motion to hold Mercy Hospital in civil contempt for its alleged failure to comply with a state court order and two federal subpoenas requiring the production of certain surveillance video recordings from the time Marcinkowski was at Mercy Hospital. In addition to a contempt order, Marcinkowski seeks attorneys' fees and costs and an order compelling Mercy Hospital to produce the video recordings or state why such production is not possible. For the reasons that follow, Marcinkowski's motion is denied.

Marcinkowski checked himself into Mercy Hospital at approximately 10:00 p.m. on September 28, 2013. (Declaration of William A. Lorenz, Jr., Docket No. 58-2, ¶ 4.[1]) His encounter with Defendants Kurdziel and Craig occurred the next day at approximately

---

[1] The responsive declaration of Adam M. Lynch is largely consistent with Lorenz's declaration and will therefore not be separately cited. (See Declaration of Adam M. Lynch, Docket No. 62-1.)

1

5:30 a.m., after hospital personnel reported that he was threatening staff and having suicidal thoughts. (Id. ¶¶ 7, 8.)

Approximately one month later, on October 22, 2013, Marcinkowski served Mercy Hospital with a demand for preservation of all physical evidence gathered during its investigation of the September 29 incident, including video recordings from any surveillance cameras. (Id. ¶ 9.) Six months later, on April 28, 2014, Marcinkowski requested that Mercy Hospital provide him a copy of the video recordings he had demanded it preserve. (Id. ¶ 10.) Mercy Hospital did not respond. (Id. ¶ 11.)

Having received no response, Marcinkowski filed a petition in New York Supreme Court on August 14, 2014, for an order compelling pre-action disclosure by Mercy Hospital of the video recordings. (Id. ¶ 12.) Marcinkowski did not, however, serve this petition on Mercy Hospital, which subsequently failed to appear.[2] (Id. ¶ 17.) The state court granted Marcinkowski's petition on February 2, 2015. (Id. ¶ 16.)

After the state court granted the petition, newly-retained counsel for Mercy Hospital and counsel for Marcinkowski exchanged correspondence seeking to clarify the state court's order. (Id. ¶¶ 17-21.) This culminated in Marcinkowski again demanding production of the video recordings in a letter dated April 14, 2015. (Id. ¶ 22.) Having received no response, Marcinkowski served a federal subpoena on Mercy Hospital 30 days later, on May 14, 2015, again requesting the video recordings. (Id. ¶ 23.) Four days later, Mercy Hospital, through counsel, produced a compact disc that it represented was

---

[2] In the meantime, Marcinkowski commenced the instant action in federal court on September 26, 2014. (Docket No. 1.)

2

a "full and complete copy of the video footage from September 28-29, 2013 relative to Gary Marcinkowski." (Id. ¶ 24 and Exhibit L.)

The compact disc, however, proved unresponsive to Marcinkowski's demand because it did not contain any footage of him. (Id. ¶ 25.) Marcinkowski thereafter tried to demand the correct footage, but mistakenly sent correspondence to Mercy Hospital's counsel at her old law firm. (Id. ¶¶ 25-27.) When counsel finally made contact in October and December 2015, they exchanged the incorrect compact disc for a new compact disc containing footage of Marcinkowski. (Id. ¶¶ 29-31.) But according to Marcinkowski, the second compact disc is also unresponsive because it is less than 10 minutes long and does not depict the entire incident at issue. (Id. ¶ 32.)

On March 1, 2016, Marcinkowski again demanded a full and complete copy of the video recordings from Mercy Hospital and later served a second federal subpoena. (Id. ¶¶ 35, 38.) Mercy Hospital insisted that it had previously produced everything responsive to the demand and produced another copy of the second compact disc. (Id. ¶¶ 37, 39, 40.) Marcinkowski nonetheless continues to assert that more video footage must be available, particularly because the video footage produced begins with Marcinkowski already in an examination room and does not show him entering it. (Id. ¶¶ 42, 43; Declaration of Steven M. Cohen ("Cohen Decl."), Docket No. 63, ¶ 6.)

Having reviewed the parties' submissions, this Court finds that Marcinkowski's motion must be denied for several reasons.

First, Marcinkowski has come forward with no authority demonstrating that this Court has jurisdiction to enforce the state court order or to find Mercy Hospital in contempt

of such an order. Mercy Hospital is not a defendant in this action and this case was not removed from state court. This is an independent federal action. Consequently, even if warranted on the merits, no authority has been presented that this Court would have jurisdiction to enforce the state court order.

Second, as it relates to the federal subpoenas, the record before this Court demonstrates that Mercy Hospital complied with the subpoena requests. After learning that it first produced a non-responsive compact disc (in attempted compliance with the state court order), which there is no allegation or evidence that it did in bad faith, Mercy Hospital twice provided to Marcinkowski the video footage he requested.

Michael R. O'Connell, the Ancillary Operations Supervisor at Mercy Hospital, is responsible for the hospital's security operations and video surveillance system. (See Declaration of Michael R. O'Connell ("O'Connell Decl."), Docket No. 62-2, ¶ 1.) He attests that he performed a comprehensive review of the hospital's surveillance system and located footage of Marcinkowski in Emergency Department Room 13 on September 29, 2013, from 5:19 a.m. to 5:25 a.m. (Id. ¶ 6.) He further attests that this is the only video footage of Marcinkowski from the relevant period. (Id. ¶ 7.)

Mercy Hospital cannot produce what it does not possess. Marcinkowski has submitted no evidence that Mercy Hospital is withholding responsive video footage in violation of the subpoenas. He simply assumes that more video footage must be available because the video footage begins with him in Room 13 (not entering the room). (See Declaration of Steven M. Cohen, Docket No. 63, ¶ 6.) This is insufficient to overcome the sworn declaration of O'Connell, who has reviewed the relevant video footage and

4

produced that which is responsive to the subpoena. (O'Connell Decl., ¶¶ 6-7.) Without more, Marcinkowski's bare disbelief of O'Connell's representation is not cause for contempt.

Accordingly, for the reasons stated above, this Court finds that Marcinkowski's motion should be denied. The parties will bear their own attorneys' fees and costs.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Contempt (Docket No. 58) is DENIED in its entirety.

SO ORDERED.

Dated: June 12, 2019
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge